```
              UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                   WESTERN DIVISION
```

UNITED STATES OF AMERICA

VERSUS                        CRIMINAL ACTION NO. 5:07cr17-DCB-JCS

JOHN H. DILLARD                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the defendant's Motion for Severance and Separate Trial [**docket entry no. 101**]. Having reviewed the Motion, responses, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

### I. BACKGROUND

John H. Dillard was indicted with several co-defendants on May 23, 2007. (Indict. 1.) In the indictment, the United States charges the defendant with one count of conspiracy to distribute more than fifty grams of cocaine base. (Indict. ¶ 2.) This conspiracy purportedly began as early as June 16, 2003 and continued up until the time of the indictment. (Indict. ¶ 2.) The United States also charges Dillard with two substantive counts of distribution of more than five grams of cocaine base. (Indict. ¶¶ 6-7.) The government posits that these illegal acts by the defendant took place on July 31, 2003 and August 14, 2003. (Indict. ¶¶ 6-7.) In other substantive counts in the indictment, the government alleges that on various dates during the period of

June 19, 2006 — December 6, 2006, several co-defendants (not including Dillard) distributed cocaine base in furtherance of the same conspiracy.

## II. ARGUMENTS ADVANCED BY THE PARTIES

In his Motion, the defendant suggests that the indictment indicates that two conspiracies (instead of one) actually existed: one which ran from roughly July 16, 2003 through August 19, 2003, and another from June 2006 until later in 2006. (Def.'s Mot. Sever ¶ 4.) Dillard essentially posits that "the Government has attempted to cobble together two series of drug distribution charges and to call it a single, three-year conspiracy." (Def.'s Mot. Sever ¶ 8.) The defendant asserts that the government wrongly "paints with a broad brush and sweeps [him] into these later acts of illegal distribution" because he is not included in the second set of substantive counts and because of the three year gap between the events constituting the charges against him and the later counts against some of his co-defendants. (Def.'s Mot. Sever ¶ 2.) Dillard argues that the evidence is insufficient to show that he participated in any distribution of cocaine base after August 14, 2003; therefore, he could not have been involved any further (if ever) in the original conspiracy or at all in the second, separate conspiracy. (Def.'s Mot. Sever ¶ 3.) For these reasons, the defendant moves the Court to sever the charges in the indictment and to allow him to be tried separately from his co-defendants

because of the purported "spillover effect" and "guilt by association" that would occur if he is tried with the co-defendants who were involved in the later conspiracy. (Def.'s Mot. Sever ¶ 4, 5.)

Dillard also points out that, due to his "minimal role" in the alleged conspiracy, he will endure actual prejudice if he is tried with a co-defendant (Michael Tyler) who is charged with committing the especially egregious crime of operating a continuing criminal enterprise. (Def.'s Mot. Sever ¶ 7.) The defendant maintains that the differing degrees of culpability that the United States seeks to attach to him and Tyler demands a severance. (Def.'s Rebut. 5.)

The Government opposes the severance and separate trial of Dillard from his co-defendants, alleging that he was "a member of the conspiracy to distribute cocaine base that continued up to Michael Tyler's arrest." (Govt.'s Resp. 5.) The United States asserts that Dillard is one of five participants needed to prove the existence of a continuing criminal enterprise and that the two distribution counts against Dillard are integral elements toward that end. (Govt.'s Resp. 4.) The government also contends that the evidence which will be used to prove the defendant's guilt is of the same type (although of a lesser quantity) that will be needed to prove the guilt of the lead co-defendant Michael Tyler. (Govt.'s Resp. 4.) The United States urges that any associational guilt or spillover effect which may occur is insufficient to meet

3

the compelling prejudice standard for ordering a severance. (Govt.'s Resp. 7.)

### III. APPLICABLE LAW AND ANALYSIS

Federal Rule of Criminal Procedure 8(b) provides as follows:

> (b) Joinder of Defendants.  The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

The Supreme Court instructs that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together.  Joint trials 'play a vital role in the criminal justice system.'  They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Zafiro v. United States, 506 U.S. 534, 537 (1993)(quoting Richardson v. Marsh, 481 U.S. 200, 209-10 (1987)). The United States Court of Appeals for the Fifth Circuit dictates that "Rule 8 is to be broadly construed in favor of initial joinder." United States v. Scott, 659 F.2d 585, 589 (5th Cir. 1981).  "The rule, rather than the exception, is that persons indicted together should be tried together, especially in conspiracy cases." United States v. Pofahl, 990 F.2d 1456, 1483 (5th Cir. 1993).

"For a conspiracy to properly tie separate events together so

as to permit joinder of defendants, the substantive offenses alleged in the indictment must fall within the scope of the conspiracy." United States v. Gentile, 495 F.2d 626, 632 (5th Cir. 1971).  In this matter, the United States alleges in Count 2 of the indictment that, beginning as early as June 16, 2003 and continuing to the date of the indictment (May 23, 2007) Dillard and the co-defendants "knowingly and willfully did conspire with each other . . . to knowingly and intentionally distribute more than fifty (50) grams of a mixture or substance containing a detectable amount of cocaine base . . . ."  (Indict. ¶ 2.)  The government further alleges that on July 31, 2003 and August 14, 2003, the defendant "knowingly and intentionally did distribute more than five (5) grams of a mixture or substance containing a detectable amount of cocaine base . . . ."  Indict. ¶¶ 6-7.)

Thus it is quite lucid that these two substantive counts brought against Dillard fall within the temporal and substantive scope of the conspiracy as alleged by the United States.  Because "a conspiracy count may be joined with the substantive offenses which are its objects, especially where, as here, the evidence relied upon to establish the conspiracy will embrace the substantive counts of the indictment[,]" Gordon v. United States, 438 F.2d 858, 878 (5th Cir. 1971), this Court finds that the joinder of the defendant with the co-defendants is proper under

5

Federal Rule of Criminal Procedure 8(b).[1]

However, Federal Rule of Criminal Procedure 14 "recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government." Zafiro v. United States, 506 U.S. 534, 538 (1993). Rule 14(a) reads as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant of the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). The Supreme Court advises that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. The Fifth Circuit test for severance under Rule 14 requires

---

[1] This Court need not decide how many conspiracies actually existed in this matter. For now, it is sufficient to note that government has alleged a single overarching conspiracy, and that a "jury may find a single conspiracy if the evidence demonstrates that all of the alleged co-conspirators directed their efforts to accomplish a single goal or common purpose." U.S. v. DeVarona, 872 F.2d 114, 118 (5th Cir. 1989). Moreover, "a single conspiracy finding does not require every member to participate in every transaction." Id. at 119. The Fifth Circuit has cited with approval a case which held that a two and one-half year gap in proof of sale of drugs does not necessarily defeat a single conspiracy theory. Id. (citing United States v. Napue, 834 F.2d 1311, 1332-33 (7th Cir. 1987)). The Court will proceed under the assumption that the government will be able to prove that a single conspiracy existed among the defendants.

a defendant to "make a showing of compelling prejudice." United States v. Coppola, 788 F.2d 303, 307 (5th Cir. 1986). The decision to grant a severance is within the sound discretion of the trial court. Gordon v. United States, 438 F.2d 858, 878-79 (5th Cir. 1971).

Here, the defendant argues that the guilt by association and spillover effect of being tried with the defendants who participated in the 2006 distributions and who are charged with the most serious counts would work much prejudice upon him. However, "the mere presence of a spillover effect does not ordinarily warrant severance." United States v. Pofahl, 990 F.2d 1456, 1483 (5th Cir. 1993). In order "[t]o prevail on a prejudicial 'spillover' of evidence, a defendant must show that 'a miscarriage of justice looms.'" United States v. Ramirez, 145 F.3d 345, 355 (5th Cir. 1998)(quoting United States v. Pierro, 32 F.3d 611, 615 (1st Cir. 1994)). The Court finds that the defendant has not demonstrated that such a grave outcome could occur if Dillard is tried with the co-defendants.

Dillard also asserts that, as far as culpability goes, he is merely a "yardman" in comparison to the "kingpin" Tyler and that such a disparity rises to the level of prejudice and mandates severance. (Def.'s Rebut. 5.) While it is true that "when many defendants are tried together in a complex case and they have markedly different degrees of culpability, th[e] risk of prejudice

7

is heightened[,]" <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993), and that consequently "a district court is more likely to determine that separate trials are necessary," <u>id.</u>, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." <u>Id.</u> Assuming arguendo that this a complex case, the Court is of the opinion that its instructions to the jury will be adequate to remedy any possible prejudice that might arise if the defendant is tried with Tyler, and it assures the defendant that it will be vigilant in giving such limiting admonishments.

The defendant is concerned that there will be a disparity in the amount of evidence presented against him and the co-defendants who participated in the alleged later acts of distribution in 2006. The Fifth Circuit instructs that "a quantitative disparity in the evidence is 'clearly insufficient in itself to justify severance.'" <u>United States v. Pofahl</u>, 990 F.2d 1456, 1483 (5th Cir. 1993)(quoting <u>United States v. Harrelson</u>, 754 F.2d 1153, 1175 (5th Cir. 1985)). In addition, "when one conspiracy exists, severance is not required, even where the quantum and nature of the proof in each case is different, so long as the trial court repeatedly gives cautionary instructions." <u>United States v. Rocha</u>, 916 F.2d 219, 228 (5th Cir. 1990). Indeed, "[i]f the jury can keep separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, a severance should not be granted." <u>United States v.</u>

Ramirez, 145 F.3d 345, 355 (5th Cir. 1998).  The Court again believes that limiting instructions can (and will) be given which will adequately shepherd the jury to consider the appropriate evidence separately as against the defendant and minimize any risks of prejudice thereto, for it is an "invariable assumption of the law that jurors follow their instructions."  Richardson v. Marsh, 481 U.S. 200, 206 (1987).

## IV. CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities, the Court does not deem the defendant's Motion to be well-taken. Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion for Severance and Separate Trial [**docket entry no. 101**] is **DENIED**.

**SO ORDERED**, this the   5th   day of  November , 2007.

                                            s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE